99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charlotte BUCKNER, Plaintiff-Appellant,
v.
COUNTY OF NAPA; R.S. Hill, M.D., individually and in his
capacity as Director of Health Services, Napa County Dept.
of Public Health; Sherrie Pittman, individually and in her
capacity as Director of Nursing, Napa County Dept. of Public
Health; Allen Clemons, individually and in his capacity as
Supervising Correctional Nurse, Napa County Dept. of Public
Health, Defendants-Appellees.
 No. 96-16327.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 25, 1996.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Charlotte Buckner, a correctional nurse with the Napa County Department of Public Health, appeals the district court's summary judgment in favor of Napa County (the "County"); the Department's Director of Nursing, Sharrie Pittman; the Department's Director of Health Services, R.S. Hill, M.D.; and Allen Clemons, her immediate supervisor. Buckner brought a 42 U.S.C. § 1983 action alleging violation of her First and Fourteenth Amendment rights, including sexual harassment and retaliation for her expression of concerns regarding medical mistreatment of inmates.
 
 
 4
 The district court granted summary judgment for all four defendants as to Buckner's Fourteenth Amendment claim, and granted summary judgment for the County, Pittman and Hill on the First Amendment claim. The district court then certified its judgment pursuant to Fed.R.Civ.P. 54(b) for defendants Pittman, Hill and the County, but failed to enter the judgment for defendant Clemons on the Fourteenth Amendment claim. Buckner appealed the grant of summary judgment, and we dismissed the appeal without prejudice for lack of jurisdiction, pending a final judgment of the district court on the Fourteenth Amendment claim against Clemons. On June 7, 1996, the district court entered the judgment in favor of Clemons. Buckner filed another notice of appeal. Buckner and defendants filed a stipulated motion to reconstitute the panel to render a final determination, which this court granted.
 
 
 5
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 I.
 
 6
 Buckner brought a claim under the Fourteenth Amendment against all four defendants. Buckner contends that she worked in a hostile environment and that Clemons harassed her because of her gender, a violation of her Fourteenth Amendment right to equal protection. Buckner also contends that the County, Pittman and Hill condoned Clemons' conduct in violation of her equal protection rights.
 
 
 7
 Buckner "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional." Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir.1991). While the facts support that there was friction between Buckner and Clemons, there is no evidence that Buckner's gender motivated Clemons' conduct towards her. Rather, it appears that Clemons had an abrasive and hostile personality, and that he also had conflicts with a male nurse he supervised. The district court granted summary judgment because Buckner had not raised a genuine issue of fact as to whether gender was a motivating factor in Clemons' conduct during the relevant time frame. We agree.
 
 
 8
 Buckner's claim against Pittman, Hill and the County arises from a January 4, 1982 memorandum she and a coworker wrote to Pittman and Hill complaining of sexual harassment and of the hostile work environment created by Clemons. Pittman forwarded the memo to the Napa County Personnel Department where Judy Pontarollo was assigned to investigate the complaint. Pontarollo concluded that there was no sexual harassment. She also concluded that certain behavior and comments which occurred could create a hostile and offensive work environment. Dr. Hill consequently reprimanded Clemons and ordered "teambuilding" sessions with an independent counselor, but Buckner could not participate. Buckner contends that the County is liable because Pittman and Hill failed to stop Clemons' behavior.
 
 
 9
 Pittman and Hill contend that their only knowledge of Clemons' alleged mistreatment of Buckner was contained in the 1992 complaint. Furthermore, the complaint was fully investigated by the County after being forwarded by Pittman and Hill. There is no indication that defendants Pittman, Hill or the County failed to take adequate and remedial disciplinary action. Ellison v. Brady, 924 F.2d 872, 881-82 (9th Cir.1991). We affirm the district court's grant of summary judgment in favor of these defendants on the Fourteenth Amendment claim.
 
 II.
 
 10
 Buckner's First Amendment claim against Pittman, Hill and the County is based upon an incident in which Buckner testified before a grand jury regarding inmate medical care at the jail where she worked. According to Buckner, Clemons threatened to fire her if she testified before the grand jury again. Buckner raised this concern to Pittman and Hill in the aforementioned complaint letter which was forwarded to Pontarollo.
 
 
 11
 The district court applied the test for determining whether a government employee's speech is protected and we agree with the district court's evaluation. Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty, Ill., 391 U.S. 563 (1968). Buckner's right to testify to a grand jury regarding inmate medical care is protected while speech regarding individual personnel disputes and grievances is not. See Lambert v. Richard, 59 F.3d 134, 136 (9th Cir.), cert. denied, 116 S.Ct. 673 (1995); Waters v. Churchill, 114 S.Ct. 1878, 1884 (1994). There is no evidence that Pittman, Hill or the County approved of Clemons' alleged threat or acted in any way to limit Buckner's First Amendment rights. Summary judgment in favor of these defendants was therefore proper.
 
 
 12
 The district court's grant of summary judgment in favor of all defendants on the Fourteenth Amendment claim is AFFIRMED. The district court's grant of summary judgment in favor of Pittman, Hill and the County on the First Amendment claim is also AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3